# UNITED STATES FEDERAL COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **MELISSA ATER,** | ) |
| **an individual residing in the** | ) |
| **City of Brunswick,** | ) |
| **County of Cumberland,** | ) |
| **State of Maine,** | ) |
| | ) |
| **MELISSA ATER, on behalf of** | ) |
| **A.A., a minor child,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BATH POLICE DEPARTMENT** | ) |
| **Located in the City of Bath,** | ) |
| **County of Sagadahoc, State of** | ) |
| **Maine,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **MAINE PRETRIAL SERVICES** | ) |
| **A corporation doing business** | ) |
| **in the State of Maine,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **PHIPPSBURG POLICE** | ) |
| **DEPARTMENT,** | ) |
| **Located in the Town of** | ) |
| **Phippsburg, County of** | ) |
| **Sagadahoc, State of Maine,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **OFFICERS JOHN DOE 1 & 2** | ) |
| **(names unknown)** | ) |
| **Officers in the Bath and** | ) |
| **Phippsburg Police Departments** | ) |
| | ) |
| **AND** | ) |
| | ) |

**COREY ATER,**                                    )
**An individual residing in the**                  )
**Town of Warren,**                                 )
**State of Maine,**                                 )
                                                   )
     **Defendants**                                 )

## COMPLAINT & DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through her attorney and respectfully

demands trial by jury on all of her claims and causes so triable and complains against the

Defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to Tile 28, United States Code, Section

   1331 insofar as Plaintiff's causes of action raise federal questions under

   the Constitution, laws, treaties or statutes of the United States.

2. Venue is proper within this District pursuant to Tile 28, United States

   Code, Section 1391(a), insofar as a substantial part of the events or

   omissions giving rise to the claims asserted occurred within the District of

   Maine. The harm sustained by Plaintiff occurred in the District of Maine.

   This action is properly filed in Portland because this case arose in

   Sagadahoc County.

## PARTIES

3. Plaintiff is an individual residing in the County of Sagadahoc, State of

   Maine. Plaintiff A.A. is the minor child of Plaintiff and Defendant Ater.

4. Defendant Bath Police Department (hereinafter "BPD") is the law

   enforcement agency for the City of Bath, County of Sagadahoc, State of

   Maine.

5.   Defendant Phippsburg Police Department (hereinafter "PPD") is the law enforcement agency for the Town of Phippsburg, County of Sagadahoc, State of Maine.

6.   Defendant Maine Pre-Trial Services is a corporation conducting business in the County of Sagadahoc, State of Maine.

7.   Plaintiff presently does not know the names of Officers John Doe 1 and 2, but they are police officers for the City of Bath and Town of Phippsburg respectively.

8.   Defendant Corey Ater is an inmate at the Maine Correctional Center located in the City of Windham, County of Cumberland, State of Maine.

## FACTUAL ALLEGATIONS

9.   On or about April 2, 2019, Defendant Corey Ater broke into Plaintiff's home and over the course of several hours and days, physically and sexually assaulted Plaintiff, causing her severe physical and emotional injuries.

10. Prior to this date, Defendants Bath and Sagadahoc Police Departments, Maine Pretrial Services and Officers John Doe 1 and 2, were aware that there was probable cause to arrest Defendant Ater for violating his bail conditions.

11. Despite this knowledge, Defendant Maine Pre-Trial Services failed to seek to revoke Defendant Ater's bail and the officers failed to effectuate the arrest of Defendant Ater.

12. Prior to April 2, 2019, Defendants named in paragraph 10 notified Defendant that he was going to be arrested, creating a known danger to Plaintiff.

13. Defendants Bath P.D., Phippsburg P.D., Maine Pre-Trial Services, and Officers Doe 1 and 2, were all aware that Defendant Ater was domestically violent and posed a significant risk to Melissa Ater and the parties' child.

14. Further, despite having the opportunity to locate and arrest Defendant Ater prior to and during the assault, Defendants Bath and Phippsburg Police Departments, and Officers Doe 1 and 2 negligently failed to perform their ministerial duty to execute the arrest of Defendant Ater.

15. Upon information and belief that Defendants named in paragraph 10 above violated its own protocols and created a danger to Plaintiff by doing so.

16. Further, on or about April 2 or 3, 2019, Officers Doe 1 and 2 went to Plaintiff and formerly Defendant Ater's residence to see if he was there in order to conduct a urine test.

17. Upon information and belief that upon arriving at the residence, Officers Doe 1 and 2 observed the residence front door wide open, blood on the floors and walls, and no sign of any person at the residence.

18. In fact, Defendant Ater had kidnapped Plaintiff and the parties' minor child and was driving around the towns of Bath and Brunswick.

19. Upon information and believe that despite this very alarming scene, neither officer reported this to their respective departments or put out a be on the lookout for Defendant Ater or Plaintiff, allowing Defendant Ater to continue his criminal enterprise.

20. Ultimately, Defendant Ater returned to Plaintiff's residence and eventually passed out, allowing Plaintiff to escape to a nearby residence and call police.

21. Plaintiff Melissa Ater sustained significant physical and emotional injuries as the result of the brutal attack by Defendant Ater.

22. Had Defendant Ater been in police custody as he should have been, the assault would not have occurred.

23. Plaintiff A.A. witnessed and observed her father's brutal attack of her mother and sustained severe emotional distress as the result.

24. As the result of her significant injuries, Plaintiff was hospitalized for several days following the assault.

## COUNT I---NEGLIGENCE
## DEFENDANT BATH POLICE DEPARTMENT

25. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 24 above, as if set forth fully herein.

26. That Defendant Bath P.D. owed Plaintiffs a duty in the exercise of its ministerial duties effecting the arrest of Defendant Ater.

27. That Defendant Bath P.D. breached that duty when it failed to follow its protocol and procedures to effectuate the arrest of Defendant Ater, despite probable cause to do so and despite the opportunity to in fact do so.

28. That Defendant Bath P.D. breach of that duty directly and proximately led to and allowed Defendant Ater the opportunity to kidnap and violently attack Plaintiff in her home.

29. But for that breach of duty, Defendant Ater would have been incarcerated and unable to commit the offenses against Plaintiffs.

30. Defendant Bath P.D. was deliberately indifferent to a known substantial risk of serious harm to Plaintiffs by Defendant Ater.

31. That as a direct and proximate result of Defendant Bath P.D.'s breach of its duty to Plaintiffs and its deliberate indifference to a known substantial risk of serious harm to Plaintiffs, Plaintiffs sustained significant physical and emotional damages and lost wages.

**COUNT II-DUE PROCESS**
**BATH POLICE DEPARTMENT**

32. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 31 above, as if set forth fully herein.

33. By its actions in both notifying Defendant Ater of his pending arrest and failing to effectuate the arrest, the Bath P.D. created a significant danger to Plaintiffs, depriving them of due process of law as guaranteed by both the Maine and federal Constitutions.

34. Upon information and belief that the Bath P.D. violated its protocols and standards under the circumstances, creating such danger to Plaintiffs.

35. The Bath P.D.'s actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

36. The Bath P.D.'s deprival of due process caused Plaintiffs significant

physical and emotional damages.

**COUNT III---NEGLIGENCE**
**DEFENDANT PHIPPSBURG POLICE DEPARTMENT**

37. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 36 above, as if set forth fully herein.

38. That Defendant Phippsburg P.D. owed Plaintiffs a duty in the exercise of its ministerial duties effecting the arrest of Defendant Ater.

39. That Defendant Phippsburg P.D. breached that duty when it failed to follow its protocol and procedures to effectuate the arrest of Defendant Ater, despite probable cause to do so and despite the opportunity to in fact do so.

40. That Defendant Phippsburg P.D. breach of that duty directly and proximately led to and allowed Defendant Ater the opportunity to kidnap and violently attack Plaintiff in her home.

41. But for that breach of duty, Defendant Ater would have been incarcerated and unable to commit the offenses against Plaintiff.

42. Defendant Phippsburg P.D. was deliberately indifferent to a known substantial risk of serious harm to Plaintiffs by Defendant Ater.

43. That as a direct and proximate result of Defendant Phippsburg P.D.'s breach of its duty to Plaintiffs and its deliberate indifference to a known substantial risk of serious harm to Plaintiffs, Plaintiffs sustained significant physical and emotional damages.

**COUNT IV-DUE PROCESS**
**PHIPPSBURG POLICE DEPARTMENT**

44. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 43 above, as if set forth fully herein.

45. By its actions in both notifying Defendant Ater of his pending arrest and failing to effectuate the arrest, the Phippsburg P.D. created a significant danger to Plaintiffs, depriving them of due process of law as guaranteed by both the Maine and federal Constitutions.

46. Upon information and belief that the Phippsburg P.D. violated its protocols and standards under the circumstances, creating such danger to Plaintiffs.

47. The Phippsburg P.D.'s actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

48. The Phippsburg P.D.'s deprival of due process caused Plaintiffs significant physical and emotional damages.

### COUNT V---NEGLIGENCE
### DEFENDANT MAINE PRETRIAL SERVICES

49. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 48 above, as if set forth fully herein.

50. That Defendant Maine Pretrial Services owed Plaintiffs a duty in the exercise of requesting the arrest of Defendant Ater for known violations of his Maine Pretrial Services bail contract.

51. That Defendant Maine Pretrial Services breached that duty when it failed to follow its protocol and procedures to seek the arrest of Defendant Ater, despite probable cause to do so and despite the opportunity to in fact do so.

52. That Defendant Maine Pretrial Services breach of that duty directly and proximately led to and allowed Defendant Ater the opportunity to kidnap and violently attack Plaintiff in her home in the presence of their daughter.

53. But for that breach of duty, Defendant Ater would have been incarcerated and unable to commit the offenses against Plaintiff.

54. Defendant Maine Pretrial Services was deliberately indifferent to a known substantial risk of serious harm to Plaintiffs by Defendant Ater.

55. That as a direct and proximate result of Defendant Maine Pretrial Services' breach of its duty to Plaintiffs and its deliberate indifference to a known substantial risk of serious harm to Plaintiffs, Plaintiffs sustained significant physical and emotional damages and lost wages.

### COUNT VI-ASSAULT & BATTERY
### COREY ATER

56. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 55 above, as if set forth fully herein.

57. That Defendant Ater committed offensive physical contact against Plaintiff Melissa Ater causing her significant physical and emotional injury and damages.

### COUNT VII-MAINE CIVIL RIGHTS ACT
### COREY ATER

58. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 57 above, as if set forth fully herein.

59. Defendant Ater intentionally interfered by physical force and violence with the exercise and enjoyment of Plaintiff Melissa Ater's rights

guaranteed by both the Maine and federal Constitutions.

60. Defendant Ater's interference with Plaintiff Melissa Ater's civil rights caused Plaintiff significant physical and emotional injuries.

## COUNT VIII---NEGLIGENCE
## DEFENDANTS OFFICERS JOHN DOE 1 & 2

61. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 60 above, as if set forth fully herein.

62. That Defendants Officers Doe 1 & 2 owed Plaintiffs a duty in their ministerial duties in effecting the arrest of Defendant Ater.

63. That Defendants Officers Doe 1 & 2 breached that duty when they failed to follow protocol and procedures to effectuate the arrest of Defendant Ater, despite probable cause to do so and despite the opportunity to in fact do so.

64. Defendants Officers Doe 1 & 2 breach of that duty directly and proximately led to and allowed Defendant Ater the opportunity to kidnap and violently attack Plaintiff in her home.

65. But for that breach of duty, Defendant Ater would have been incarcerated and unable to commit the offenses against Plaintiff.

66. Defendants Officers Doe 1 & 2 were deliberately indifferent to a known substantial risk of serious harm to Plaintiffs by Defendant Ater.

67. That as a direct and proximate result of Defendants Officers Doe 1 & 2's breach of their duty to Plaintiffs and their deliberate indifference to a known substantial risk of serious harm to Plaintiffs, Plaintiffs sustained significant physical and emotional damages and lost wages.

## COUNT IX-DUE PROCESS
### OFFICERS DOE 1 & 2

68. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 67 above, as if set forth fully herein.

69. By their actions in failing to effectuate the arrest of Defendant Ater, Defendants Doe 1 & 2 created a significant danger to Plaintiffs, depriving them of due process of law as guaranteed by both the Maine and federal Constitutions.

70. Upon information and belief that the Defendants Doe 1 & 2 violated their protocols and standards under the circumstances, creating such danger to Plaintiffs.

71. Defendants Doe 1 & 2's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

72. Defendants Doe 1 & 2's deprival of due process caused Plaintiffs significant physical and emotional damages and lost wages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants in such amount as is reasonable under the circumstances for compensatory and punitive damages in an amount to be determined at trial with prejudgment interest thereon.


Date: December 18, 2019                    /s/ Verne Paradie, Jr.
                                           Verne E. Paradie, Jr.
                                           Bar No. 8929
                                           217 Main Street, Suite 400
                                           Lewiston, ME 04240
                                           207-333-3583