UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MELISSA ATER and o/b/o A.A., a minor child,<br><br>Plaintiffs<br><br>v.<br><br>BATH POLICE DEPARTMENT,<br>MAINE PRETRIAL SERVICES,<br>PHIPPSBURG POLICE DEPARTMENT,<br>OFFICERS JOHN DOE 1 & 2, and<br>COREY ATER,<br><br>Defendants. | Docket No. 2:19-cv-00568-JDL |

**DEFENDANTS PHIPPSBURG POLICE DEPARTMENT AND
OFFICER JOHN DOE 2'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COME Defendants Phippsburg Police Department and Phippsburg Police Officer John Doe 2 ("Defendants"), by and through their attorneys, and respond to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.  The allegations contained in paragraph 1 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

2.  The allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, deny the same.

4. The allegations contained in paragraph 4 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, deny the same.

## FACTUAL ALLEGATIONS

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, deny the same.

10. Defendants deny paragraph 10 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 10 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

11.Defendants deny paragraph 11 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 11 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

12.Defendants deny paragraph 12 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 12 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

13.Defendants deny paragraph 13 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 13 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

14.Defendants deny paragraph 14 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 14 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

15.Defendants deny paragraph 15 of the Complaint to the extent it makes allegations against them. The remaining allegations contained in paragraph 15 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

16.Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny that the front door to the residence was open on their arrival. Defendants admit that John Doe 2 saw a small amount of blood stains in the residence, including around a power tool, and that no one was in the residence.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, deny the same.

19. Defendants admit that John Doe 2 did not put out a "be on the lookout" alert for Defendant Ater or Plaintiff, but deny the remaining allegations. To the extent the allegations pertain to John Doe 1, no response is required.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, deny the same.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, deny the same.

## COUNT I – NEGLIGENCE
## DEFENDANT BATH POLICE DEPARTMENT

25. Defendants repeat and reallege their responses contained in paragraph 1 through 24 herein.

26. The allegations contained in paragraph 26 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

27. The allegations contained in paragraph 27 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

28. The allegations contained in paragraph 28 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

29. The allegations contained in paragraph 29 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

30. The allegations contained in paragraph 30 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

31. The allegations contained in paragraph 31 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

### COUNT II – DUE PROCESS
### DEFENDANT BATH POLICE DEPARTMENT

32. Defendants repeat and reallege their responses contained in paragraph 1 through 31 herein.

33. The allegations contained in paragraph 33 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

34. The allegations contained in paragraph 34 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

35. The allegations contained in paragraph 35 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

36. The allegations contained in paragraph 36 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

## COUNT III – NEGLIGENCE
## DEFENDANT PHIPPSBURG POLICE DEPARTMENT

37. Defendants repeat and reallege their responses contained in paragraph 1 through 36 herein.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

## COUNT IV – DUE PROCESS
## PHIPPSBURG POLICE DEPARTMENT

44. Defendants repeat and reallege their responses contained in paragraph 1 through 43 herein.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

## COUNT V – NEGLIGENCE
## DEFENDANT MAINE PRETRIAL SERVICES

49. Defendants repeat and reallege their responses contained in paragraph 1 through 48 herein.

50. The allegations contained in paragraph 50 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

51. The allegations contained in paragraph 51 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

52. The allegations contained in paragraph 52 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

53. The allegations contained in paragraph 53 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

54. The allegations contained in paragraph 54 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

55. The allegations contained in paragraph 55 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

### COUNT VI – ASSAULT & BATTERY
### COREY ATER

56. Defendants repeat and reallege their responses contained in paragraph 1 through 55 herein.

57. The allegations contained in paragraph 57 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

### COUNT VII – MAINE CIVIL RIGHTS ACT
### COREY ATER

58. Defendants repeat and reallege their responses contained in paragraph 1 through 57 herein.

59. The allegations contained in paragraph 59 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

60. The allegations contained in paragraph 60 of the Complaint are not against Defendants Phippsburg Police Department and John Doe 2 and, therefore, no response is required.

### COUNT VIII – NEGLIGENCE
### DEFENDANTS OFFICERS JOHN DOE 1 & 2

61. Defendants repeat and reallege their responses contained in paragraph 1 through 60 herein.

62. Defendant John Doe 2 denies the allegations in paragraph 62 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

63. Defendant John Doe 2 denies the allegations in paragraph 63 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

64. Defendant John Doe 2 denies the allegations in paragraph 64 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

65. Defendant John Doe 2 denies the allegations in paragraph 65 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

66. Defendant John Doe 2 denies the allegations in paragraph 66 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

67. Defendant John Doe 2 denies the allegations in paragraph 67 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

## COUNT IX – DUE PROCESS
## OFFICERS DOE 1 & 2

68. Defendants repeat and reallege their responses contained in paragraph 1 through 67 herein.

69. Defendant John Doe 2 denies the allegations in paragraph 69 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

70. Defendant John Doe 2 denies the allegations in paragraph 70 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

71. Defendant John Doe 2 denies the allegations in paragraph 71 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

72. Defendant John Doe 2 denies the allegations in paragraph 72 of the Complaint. To the extent the allegations are against John Doe 1, no response is required.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged and immune.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate her own damages.

5. Defendants affirmatively defend by stating any state law tort claims are barred for Plaintiffs' failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that any state law tort claims are barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to follow departmental protocols and/or procedures could not have been a proximate cause of Plaintiffs' damages.

10. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

11. No clearly established rights of Plaintiffs were violated by Defendants' actions.

12. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy, protocol, procedure, or custom.

13. Defendants had no special relationship with Plaintiffs that would have triggered a duty to protect Plaintiffs from private violence committed by a third person.

14. Defendants took no actions that increased any danger Plaintiffs were in, and therefore owed no duty to protect Plaintiffs from private violence committed by a third person.

15. Officer John Doe 2 was provided no information concerning Plaintiffs when he was asked to go to Defendant Corey Ater's residence to perform drug testing on him, and Officer John Doe 2 reasonably believed that Plaintiff Melissa Ater no longer lived at the residence she had previously shared with Defendant Corey Ater.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

### DEFENDANTS PHIPPSBURG POLICE DEPARTMENT AND JOHN DOE 2'S CROSS-CLAIM AGAINST DEFENDANT COREY ATER

1. Plaintiff's damages, if any, were proximately, and solely, caused by the conduct of Defendant Corey Ater.

2.       In the event Defendant Phippsburg Police Department and John Doe 2 are found liable to Plaintiffs, Cross-Claimants Town of Phippsburg and John Doe 2 are entitled to contribution/indemnification from Defendant Corey Ater for any damages awarded against them.

WHEREFORE, Defendants respectfully request that Judgment be entered in their favor and against Defendant Corey Ater, together with their costs of suit and such other relief as the Court deems just and appropriate.

Dated at Portland, Maine this 24th day of January, 2020.

                          */s/ Edward R. Benjamin, Jr.*
                          Edward R. Benjamin, Jr., Esq.
                          Kasia S. Park, Esq.

*Attorneys for Defendants*

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., hereby certify that on January 24, 2020, I electronically filed the foregoing **Answer to Complaint and Demand for Jury Trial** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record. A copy of the foregoing has also been sent to Defendant Corey Ater via U.S. Mail at:

>Corey Ater, MDOC No. 64816
>Maine State Prison
>807 Cushing Road
>Warren, ME  04864

>>*/s/ Edward R. Benjamin, Jr.*
>>Edward R. Benjamin, Jr., Esq.
>>
>>*Attorney for Defendants*
>>
>>DRUMMOND WOODSUM
>>84 Marginal Way, Suite 600
>>Portland, ME
>>(207) 772-1941
>>ebenjamin@dwmlaw.com