UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA ATER, individually and on behalf of A.A., a minor child, | |
| Plaintiffs, | |
| vs. | Civil No. 19-00568-JDL |
| BATH POLICE DEPARTMENT, MAINE PRETRIAL SERVICES, PHIPPSBURG POLICE DEPARTMENT, OFFICERS JOHN DOE 1 & 2, and COREY ATER, | |
| Defendants | |

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIM AGAINST DEFENDANT COREY ATER, AND JURY TRIAL DEMAND (DEFENDANT BATH POLICE DEPARTMENT)

Defendant Bath Police Department, by and through counsel, hereby responds to the Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.      The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

2.      The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## PARTIES

3.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

4.      The Defendant admits that the City of Bath carries out law enforcement functions through the Bath Police Department. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

5.      The Defendant admits that the Town of Phippsburg carries out law enforcement functions through the Phippsburg Police Department. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

6.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

7.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

8.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## FACTUAL ALLEGATIONS

9.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

10.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

11.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

12.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

13.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

14.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

15.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

16.     The Defendant admits that a Bath Police officer went to a residence in Phippsburg in the company of a Phippsburg police officer to see if Corey Ater was there. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant.

17.     The Defendant admits that there were no people in the residence when the officers arrived and that small amounts of blood were discovered in the residence. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

18.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

19.     The Defendant admits that the Bath Police officer did not put out a "be on the lookout" alert after going to the residence in Phippsburg. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiffs' Complaint to the extent the allegations pertain to this Defendant.

20.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

21.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

22.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

23.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

24.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## COUNT I – NEGLIGENCE
## DEFENDANT BATH POLICE DEPARTMENT

25.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

26.     The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

27.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

28.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

29.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

30.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

31.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT II – DUE PROCESS
## BATH POLICE DEPARTMENT

32.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

33.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

34.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

35.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

36.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT III – NEGLIGENCE
## DEFENDANT PHIPPSBURG POLICE DEPARTMENT

37.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

38.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

39.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

40.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

41.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

42.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

43.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**COUNT IV – DUE PROCESS**
**DEFENDANT PHIPPSBURG POLICE DEPARTMENT**

44.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

45.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

46.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

47.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

48.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**COUNT V – NEGLIGENCE**
**DEFENDANT MAINE PRETRIAL SERVICES**

49.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

50.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

51.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

52.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

53.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

54.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

55.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### COUNT VI – ASSAULT & BATTERY
### COREY ATER

56.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

57.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### COUNT VII – MAINE CIVIL RIGHTS ACT
### COREY ATER

58.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

59.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

60.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## COUNT VIII – NEGLIGENCE
## DEFENDANTS OFFICERS JOHN DOE 1 & 2

61.    The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

62.    The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

63.    The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

64.    The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

65.    The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

66.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

67.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## COUNT IX – DUE PROCESS
## OFFICERS DOE 1 & 2

68.     The Defendant repeats its responses to the preceding paragraphs of Plaintiffs' Complaint.

69.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

70.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

71.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

72.     The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1.     The Defendant has at all times acted in good faith and without knowledge that its conduct violated any clearly established constitutional or statutory rights of the Plaintiffs.

2.     The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiffs.

3.     No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.     To the extent that the Plaintiffs endeavor to make a state claim grounded in tort, the Defendant reserves the right to demonstrate that the claim is barred by Plaintiffs' failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8107 and 8108.

5.     To the extent that the Plaintiffs endeavor to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendant by the Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103 and 8104-B.

6.      The Plaintiffs' recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7.      To the extent that the Plaintiffs' Complaint seeks to impose liability on the Defendant in its representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8.      The Defendant reserves the right to demonstrate that the Plaintiffs' own conduct was the sole or a contributing cause of the alleged injuries.

9.      The Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10.     The Plaintiffs' claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of its agents.

11.     The Plaintiffs' claims against the Defendant are barred for the reason that the Plaintiffs cannot demonstrate a custom or policy of the Defendant that was the moving force behind any constitutional violations.

12.     The Plaintiffs' claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13.     To the extent the Plaintiffs' claims are grounded in negligence, the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of immunity.

15.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

16.     The Defendant reserves the right to demonstrate that the Plaintiffs' claims are barred by intervening and/or superseding causes or by the acts of third parties.

17.     To the extent that the Plaintiffs seek injunctive or declaratory relief, the Plaintiffs have no standing.

18.     The Plaintiffs have adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

19.     The Defendant reserves the right to demonstrate that the Plaintiffs have failed to mitigate damages.

20.     To the extent the Plaintiffs' alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

21.     The Plaintiffs' claims, in whole or in part, are barred because governmental entities and their employees cannot be held liable for due process violations pursuant to 42 U.S.C. § 1983 for actions of private individuals because the Due Process Clause generally does not require local governments to protect the life, liberty, and property of its citizens against invasion by private actors. *DeShaney* v. *Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

22.     The Plaintiffs' claims, in whole or in part, are barred because the Defendant did not take the Plaintiffs into custody, nor did the Defendant create a dangerous situation or render the Plaintiffs more vulnerable to danger.

23.     The Plaintiffs' claims, in whole or in part, are barred because the Defendant is not an entity that is capable of being sued.

WHEREFORE, Defendant Bath Police Department demands judgment in its favor with regard to all claims of the Plaintiffs' Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

### CROSS-CLAIM AGAINST DEFENDANT COREY ATER

Defendant/Cross-Claimant Bath Police Department hereby asserts a cross-claim against Defendant/Cross-Claim Defendant Corey Ater as follows:

1.     To the extent the Plaintiffs suffered any damages with regard to the events alleged in the Complaint, those damages were caused solely and proximately by the actions of Defendant Ater.

2.     In the event Defendant/Cross-Claimant Bath Police Department is found liable to the Plaintiffs or to either of them, Defendant/Cross-Claimant Bath Police Department is entitled to contribution and/or indemnification from Defendant Ater with regard to any damages awarded against it.

WHEREFORE, Defendant/Cross-Claimant Bath Police Department respectfully requests a judgment in its favor and against Defendant Ater, together with an award of costs and any other relief the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

Dated at Portland, Maine this 30th day of January, 2020.

Attorneys for Defendant Bath Police Department
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:     /s/ John J. Wall, III
        John J. Wall, III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2020, I electronically filed **Answer to Complaint, Affirmative Defenses, Cross-Claim against Defendant Corey Ater, and Jury Trial Demand (Defendant Bath Police Department)** using the CM/ECF system, which will provide notice to me and all other counsel of record. In addition, I hereby certify that on January 30, 2020, I mailed a copy of the above-referenced document to the following party at the following address via first-class mail, postage prepaid:

> Corey Ater
> MDOC No. 64816
> Maine State Prison
> 807 Cushing Road
> Warren, ME 04864

Dated at Portland, Maine this 30th day of January, 2020.

> Attorneys for Defendant Bath Police Department
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com

BY:     /s/ John J. Wall, III
        John J. Wall, III