UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *MELISSA ATER, individually* <br> *and on behalf of minor child, A.A.,* <br><br> *Plaintiff* <br><br> v. <br><br> *BATH POLICE DEPARTMENT, et al.,* <br><br> *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 2:19-cv-00568-JDL <br> ) <br> ) <br> ) <br> ) |

## *RECOMMENDED DECISION ON MOTION TO DISMISS*

Defendant Maine Pretrial Services ("MPS") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the sole claim against it in this action, for negligence, on the basis that plaintiff Melissa Ater fails to make out a plausible claim that MPS owed her a duty of care by virtue of either a special relationship or MPS's creation of the danger that caused her harm.  *See* Motion to Dismiss ("Motion") (ECF No. 10) at 4-9; Complaint & Demand for Jury Trial ("Complaint") (ECF No. 1) ¶¶ 49-55.[1] For the reasons that follow, I recommend that the motion be denied.

### I.  Applicable Legal Standards

Regarding motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[1] The plaintiff also sues Bath Police Department, Phippsburg Police Department, Officer John Doe 1, Officer John Doe 2, and Corey Ater. *See* Complaint ¶¶ 4-5, 7-8.  Defendant Doe 1 apparently has yet to be served.  *See* Order to Show Cause (ECF No. 15) (directing that plaintiff show good cause in writing by May 13, 2020, why service on defendant Doe 1 was not timely made).

1

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

The complaint sets forth the following relevant factual allegations.[2]

---

[2] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id*. "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id*. (citation and internal quotation marks omitted).

On or about April 2, 2019, defendant Ater broke into the plaintiff's home, physically and sexually assaulted her in the presence of the minor child over the course of several hours and days, and then kidnapped both her and the minor child. Complaint ¶¶ 9, 18, 23. The plaintiff suffered physical and emotional injuries as a result for which she was hospitalized, and the minor child experienced severe emotional distress. *Id*. ¶¶ 9, 21, 23-24.

Sometime before April 2, 2019, MPS and the defendant police departments and officers knew that defendant Ater had violated his bail conditions and notified him that he was going to be arrested. *Id*. ¶¶ 10, 12. However, MPS did not seek to revoke defendant Ater's bail, and the defendant officers failed to effectuate his arrest. *Id*. ¶ 11. MPS and the defendant police departments and officers were aware that defendant Ater was domestically violent and posed a significant risk to the plaintiff and the minor child. *Id*. ¶ 13.

### III.  Discussion

MPS argues that dismissal of the single claim against it is appropriate because the plaintiff has failed to state a plausible claim for negligence. *See* Motion at 4-9. In Maine, as elsewhere, a plaintiff must establish four elements to make out a *prima facie* claim of negligence, namely, that: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach proximally caused injury and (4) resulting damages. *See, e.g., Stanton v. Univ. of Me. Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. Whether a duty exists is a question of law to be resolved by the court. *See Alexander v. Mitchell*, 2007 ME 108, ¶ 14, 930 A.2d 1016, 1020. The Law Court has reiterated the general rule that, in "instances of nonfeasance rather than misfeasance," an actor has no duty to protect others from harm "[a]bsent . . . a special relationship . . . unless the dangerous situation was created by the defendant." *Belyea v. Shiretown Motor Inn, LP*, 2010 ME 75, ¶ 9, 2 A.3d 276, 279 (citation and internal quotation marks omitted).

3

MPS contends that the plaintiff's factual allegations do not plausibly suggest that it owed her a duty of care as a result of either a "special relationship" or its creation of the "dangerous situation" that caused her harm. Motion at 7-9. The plaintiff does not contest the point that the parties had no "special relationship." *See* Plaintiff['s] Response to Defendant Maine Pretrial Services['] Motion to Dismiss ("Response") (ECF No. 12) at 2. Hence, I focus on whether she adequately pleads that MPS created the situation that caused her harm, concluding that she does.

As a threshold matter, MPS's assertions in support of its motion to dismiss go largely to the merits of the plaintiff's claim, challenging the accuracy of and foundation for her factual allegations. *See* Motion at 1-3, 8-9; Defendant Maine Pretrial Services['] Reply to Plaintiff's Response to Motion to Dismiss ("Reply") (ECF No. 13) at 1-2, 4-5. Yet, as noted above, a court evaluating a Rule 12(b)(6) motion is required merely to test the sufficiency of the complaint. *See, e.g., Ocasio-Hernández*, 640 F.3d at 12-13 ("Nor may a court attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely." (citation and internal quotation marks omitted) (alteration in original)). Accordingly, I decline to consider MPS's assertions to that effect.

Relatedly, MPS relies on documents outside of the pleadings in both its motion and reply brief, asserting that the court may consider the documents attached to its motion because they are expressly linked to the factual allegations of the complaint, *see* Motion at 2-4 (citing *Alt. Energy, Inc.*, 267 F.3d at 34), and the documents attached to its reply brief because they are public records, *see* Reply at 1-2, 5 (same). These arguments, again, do not carry the day.

The documents that MPS attaches to its motion consist of an email between an MPS case manager and an assistant district attorney and a memorandum by the MPS case manager that was attached to the email chain, both dated April 2, 2019. *See* MPS Memo dated April 2, 2019, Exh.

4

A (ECF No. 10-1) to Motion; Email dated April 2, 2019, Exh. B (ECF No. 10-2) to Motion.[3]  In contrast to *Alt. Energy, Inc.*, in which the "First Amended Complaint for Declaratory Judgment refer[red] to the 1998 Settlement Agreement or its terms numerous times[,]" *Alt. Energy, Inc.*, 267 F.3d at 34, the memorandum and email on which MPS relies are not referred to in the complaint, *see generally* Complaint.  Nor can they be deemed integral to the complaint when they are not referenced even indirectly therein.  *See, e.g., Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (deeming it appropriate, in determining whether plaintiff had "stated a claim for relief for false advertising," to "read the allegations in the complaint in light of the full text of the advertising copy contained in the record[,]" which was "the only material [the First Circuit] deem[ed] 'integral' to assessing the sufficiency of the allegations in the complaint"; noting that, "[w]ere the rule otherwise, a plaintiff could maintain a claim . . . by excising an isolated statement from a document and importing it into the complaint" (citation and internal quotation marks omitted)).

MPS also attaches to its reply brief a document purportedly charging defendant Ater with motor-vehicle-related offenses, which lacks a date and a presiding judicial officer's signature, apparently as a result of the omission of the second page, and a plea agreement signed on October 3, 2018, setting forth defendant Ater's conditions of release.  *See* Unified Criminal Docket Document, Exh. C (ECF No. 12-1) to Reply; Agreement of Defendant and Order Deferring Disposition, Exh. D (ECF No. 13-2) to Reply.  However, as a threshold matter, these documents are not cognizable because they were proffered for the first time with a reply memorandum,

---

[3] Moreover, MPS cites these documents in asserting that it "made multiple attempts to contact Mr. Ater to coordinate his mandated bail check-ins" and that, "[a]fter Mr. Ater failed to show for [the April 2, 2019, check-in, MPS] requested a welfare check by the Sagadahoc County Sheriff's Department, to ensure Mr. Ater's safety, and submitted the Bail Violation Memo to the Sagadahoc District Attorney's office[,]" which would then file a motion to revoke defendant Ater's bail.  Motion at 2.  These assertions go to the merits of the plaintiff's claim.

5

depriving the plaintiff an opportunity to respond as of right to arguments concerning them. *See, e.g.*, *Kitchin v. Liberty*, 1:18-cv-00356-JDL, 2019 WL 2527088, at *1 n.1 (D. Me. June 19, 2019) ("[A]rguments raised for the first time in a reply brief are not properly before the Court[.]"). In any event, it is not clear that these documents qualify as "official public records" or that their authenticity is undisputed.

MPS's remaining arguments, *see* Motion at 8-9, are equally unpersuasive. MPS contends that the plaintiff falls short of showing that it created a dangerous situation because she "fails to identify which particular defendant notified Mr. Ater of [his] imminent arrest, and instead lists all named defendants." Motion at 7-8. As a result, MPS argues, "no reasonable inference . . . can be drawn from the bare allegations of ¶ 12" that "MPS informed Mr. Ater of his imminent arrest[,] thereby creating a dangerous situation." *Id*. at 8. However, the plaintiff alleges that MPS, *among* the other defendants, notified defendant Ater of his arrest. *See* Complaint ¶ 12. She further alleges that MPS and the defendant police departments and officers were aware that defendant Ater was domestically violent and posed a significant risk to the plaintiff and the minor child. *Id*. ¶ 13. This suffices to allow the court to draw a reasonable inference that MPS informed defendant Ater of his imminent arrest and that this created a dangerous situation for the plaintiff and the minor child.

In any event, MPS asserts, that conclusory allegation is not plausible. *See* Motion at 8. However, the allegation is not "conclusory": the plaintiff alleges that MPS, among others, notified defendant Ater of his imminent arrest and were aware that he was domestically violent and posed a significant risk to the plaintiff and the minor child. *See* Complaint ¶¶ 12-13. For purposes of resolving a motion to dismiss pursuant to Rule 12(b)(6), it is not for the court to deem that allegation too incredible to pass muster. *See, e.g.*, *Ocasio-Hernández*, 640 F.3d at 12 ("Non-

conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.").

MPS also argues that ordering and effectuating defendant Ater's arrest was the responsibility of the District Attorney and law enforcement, "[f]urther removing MPS from the situation[.]" Motion at 8. This argument again misses the mark, going to the merits of the plaintiff's claim.

MPS, accordingly, falls short of demonstrating that the plaintiff's claim against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **DENY** the motion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of May, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge