UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MELISSA ATER and o/b/o A.A., a minor child, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BATH POLICE DEPARTMENT, )<br>MAINE PRETRIAL SERIVES, )<br>PHIPPSBURG POLICE DEPARTMENT )<br>OFFICERS JOHN DOE 1&2, AND )<br>COREY ATER, )<br>    Defendants. ) | Docket No. 2:19-cv-00568-JDL |

## DEFENDANT MAINE PRETRIAL SERVICES ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendant Maine Pretrial Services ("MPS") by and through its attorneys, and responds to Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, MPS denies the allegations.

2. The allegations contained in Paragraph 2 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, MPS denies the allegations.

### PARTIES

3. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies the same.

5. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies the same. admits the allegations contained in Paragraph 5 of the Complaint.

6. MPS admits the allegations contained in Paragraph 6 of the Complaint.

7. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

## FACTUAL ALLEGATIONS

9. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10. MPS denies the allegations contained in Paragraph 10 of the Complaint to the extent any of these allegations apply to it. The remaining allegations of Paragraph 10 of the Complaint are not against MPS and, therefore, no response is required.

11. MPS denies the allegations contained in Paragraph 11 of the Complaint to the extent any of these allegations apply to it. The remaining allegations of Paragraph 11 of the Complaint are not against MPS and, therefore, no response is required.

12. MPS denies the allegations contained in Paragraph 12 of the Complaint to the extent any of these allegations apply to it. The remaining allegations of Paragraph 12 of the Complaint are not against MPS and, therefore, no response is required.

13. MPS denies the allegations contained in Paragraph 13 of the Complaint to the extent any of these allegations apply to it. The remaining allegations of Paragraph 13 of the Complaint are not against MPS and, therefore, no response is required.

14. MPS denies the allegations contained in Paragraph 14 of the Complaint to the extent any of these allegations apply to it.  The remaining allegations of Paragraph 14 of the Complaint are not against MPS and, therefore, no response is required.

15. MPS denies the allegations contained in Paragraph 15 of the Complaint to the extent any of these allegations apply to it.  The remaining allegations of Paragraph 15 of the Complaint are not against MPS and, therefore, no response is required.
The allegations contained in Paragraph 15 of the Complaint do not apply to MPS, therefore, no response is required.

16. The allegations contained in Paragraph 16 of the Complaint do not apply to MPS, therefore, no response is required.

17. The allegations contained in Paragraph 17 of the Complaint do not apply to MPS, therefore, no response is required.

18. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies the same.

20. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the same.

21. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. MPS denies the allegations contained in Paragraph 22 of the Complaint.

23. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24. MPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the same.

## COUNT I – NEGLIGENCE
## DEFENDANT BATH POLICE DEPARTMENT

25. MPS repeats and realleges its responses contained in Paragraphs 1 through 24.

26. The allegations contained in Paragraph 26 of the Complaint are not against Defendant MPS and, therefore, no response is required.

27. The allegations contained in Paragraph 27 of the Complaint are not against Defendant MPS and, therefore, no response is required.

28. The allegations contained in Paragraph 28 of the Complaint are not against Defendant MPS and, therefore, no response is required.

29. The allegations contained in Paragraph 29 of the Complaint are not against Defendant MPS and, therefore, no response is required.

30. The allegations contained in Paragraph 30 of the Complaint are not against Defendant MPS and, therefore, no response is required.

31. The allegations contained in Paragraph 31 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## COUNT II – DUE PROCESS
## DEFENDANT BATH POLICE DEPARTMENT

32. MPS repeats and realleges its responses contained in Paragraphs 1 through 31.

33. The allegations contained in Paragraph 33 of the Complaint are not against Defendant MPS and, therefore, no response is required.

34. The allegations contained in Paragraph 34 of the Complaint are not against Defendant MPS and, therefore, no response is required.

35. The allegations contained in Paragraph 35 of the Complaint are not against Defendant MPS and, therefore, no response is required.

36. The allegations contained in Paragraph 36 of the Complaint are not against Defendant MPS and, therefore, no response is required.

### COUNT III – NEGLIGENCE
### DEFENDANT PHIPPSBURG POLICE DEPARTMENT

37. MPS repeats and realleges its responses contained in Paragraphs 1 through 36.

38. The allegations contained in Paragraph 38 of the Complaint are not against Defendant MPS and, therefore, no response is required.

39. The allegations contained in Paragraph 39 of the Complaint are not against Defendant MPS and, therefore, no response is required.

40. The allegations contained in Paragraph 40 of the Complaint are not against Defendant MPS and, therefore, no response is required.

41. The allegations contained in Paragraph 41 of the Complaint are not against Defendant MPS and, therefore, no response is required.

42. The allegations contained in Paragraph 42 of the Complaint are not against Defendant MPS and, therefore, no response is required.

43. The allegations contained in Paragraph 43 of the Complaint are not against Defendant MPS and, therefore, no response is required.

### COUNT IV – DUE PROCESS
### PHIPPSBURG POLICE DEPARTMENT

44. MPS repeats and realleges the allegations contained in Paragraphs 1 through 43.

45. The allegations contained in Paragraph 45 of the Complaint are not against Defendant MPS and, therefore, no response is required.

46. The allegations contained in Paragraph 46 of the Complaint are not against Defendant MPS and, therefore, no response is required.

47. The allegations contained in Paragraph 47 of the Complaint are not against Defendant MPS and, therefore, no response is required.

48. The allegations contained in Paragraph 48 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## COUNT V – NEGLIGENCE
## DEFENDANT MAINE PRETRIAL SERVICES

49. MPS repeats and realleges the allegations contained in Paragraphs 1 through 48.

50. MPS denies the allegations contained in Paragraph 50 of the Complaint.

51. MPS denies the allegations contained in Paragraph 51 of the Complaint.

52. MPS denies the allegations contained in Paragraph 52 of the Complaint.

53. MPS denies the allegations contained in Paragraph 53 of the Complaint.

54. MPS denies the allegations contained in Paragraph 54 of the Complaint.

55. MPS denies the allegations contained in Paragraph 55 of the Complaint.

## COUNT VI – ASSUALT & BATTERY
## COREY ATER

56. MPS repeats and realleges the allegations contained in Paragraphs 1 through 55.

57. The allegations contained in Paragraph 57 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## COUNT VII – MAINE CIVIL RIGHTS ACT
## COREY ATER

58. MPS repeats and realleges the allegations contained in Paragraphs 1 through 58.

59. The allegations contained in Paragraph 59 of the Complaint are not against Defendant MPS and, therefore, no response is required.

60. The allegations contained in Paragraph 60 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## COUNT VIII – NEGLIGENCE
## DEFENDANTS OFFICERS JOHN DOE 1 & 2

61. MPS repeats and realleges the allegations contained in Paragraph 1 through 62.

62. The allegations contained in Paragraph 62 of the Complaint are not against Defendant MPS and, therefore, no response is required.

63. The allegations contained in Paragraph 63 of the Complaint are not against Defendant MPS and, therefore, no response is required.

64. The allegations contained in Paragraph 64 of the Complaint are not against Defendant MPS and, therefore, no response is required.

65. The allegations contained in Paragraph 65 of the Complaint are not against Defendant MPS and, therefore, no response is required.

66. The allegations contained in Paragraph 66 of the Complaint are not against Defendant MPS and, therefore, no response is required.

67. The allegations contained in Paragraph 67 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## COUNT IX – DUE PROCESS
## OFFICERS DOE 1 & 2

68. MPS repeats and realleges the allegations contained in Paragraphs 1 through 67.

69. The allegations contained in Paragraph 69 of the Complaint are not against Defendant MPS and, therefore, no response is required.

70. The allegations contained in Paragraph 70 of the Complaint are not against Defendant MPS and, therefore, no response is required.

71. The allegations contained in Paragraph 72 of the Complaint are not against Defendant MPS and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses MPS states as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. MPS had no special relationships with Plaintiffs which would trigger any duty to protect them against violence by a third party.

3. MPS took no action that would increase the danger to Plaintiffs and, therefore, owed no duty to Plaintiffs resulting from private violence committed by a third party.

4. Plaintiffs' Complaint is barred by the statue of limitations.

5. Plaintiffs' Complaint is barred by the doctrine of qualified or absolute immunity.

6. Plaintiffs' Complaint is barred by MPS exercise of its discretion as a quasi-judicial agency implementing under court order a pretrial release program.

## JURY DEMAND

Defendant MPS demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated at Portland, Maine, this 11th day of May 2020.

/s/ Robert W. Kline
Robert W. Kline Esq.
Federal (ME) Bar No. 415
Attorney for Defendant
Lanman Rayne
10 Dana St. Suite 200
Portland, ME
(207) 671-5454

## CERTIFICATE OF SERVICE

  I hereby certify that on this 11th day of May 2020, I caused the foregoing Defendant Maine Pretrial Services Answer to Complaint and Demand for Jury Trial to be filed via the Court's CM/ECF system for service on all counsel of record.

            <u>/s/ Robert W. Kline</u>
            Robert W. Kline Esq.
            Federal (ME) Bar No. 415
            Attorney for Defendant
            Lanman Rayne
            10 Dana St. Suite 200
            Portland, ME
            (207) 671-5454