UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA ATER, individually<br>and on behalf of minor child, A.A.,<br><br>      *Plaintiff*<br>v.<br><br>BATH POLICE DEPARTMENT, et al.,<br><br>      *Defendants* | No. 2:19-cv-00568-JDL |

### RECOMMENDED DISMISSAL OF COMPLAINT
### AS TO DEFENDANT OFFICER JOHN DOE 1

On March 30, 2020, this court issued an order to the plaintiff to show good cause in writing no later than May 13, 2020, why service upon defendant officer John Doe 1 had not been timely made, failing which the complaint would be dismissed as to that officer. *See* Order to Show Cause (ECF No. 15). Because the plaintiff, to date, has filed no response, I recommend that her complaint against Officer John Doe 1 be dismissed without prejudice.

### I. Applicable Legal Standards

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint

1

under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

## II. Background

The plaintiff initiated this lawsuit on December 18, 2019, alleging, *inter alia*, that Defendant Officer John Doe 1 of the Bath Police Department and Defendant Officer John Doe 2 of the Phippsburg Police Department were negligent and deprived her and her minor child of due process in failing to effectuate the arrest of defendant Corey Ater, as a result of which both she and the child suffered substantial harm at defendant Ater's hands. *See* Complaint & Demand for Jury Trial (ECF No. 1) ¶¶ 7, 61-72. On the same day, the plaintiff issued summonses to both the Bath Police Department and the Phippsburg Police Department, *see* ECF No. 3, which were returned executed on January 27, 2020, *see* ECF Nos. 5, 7. Counsel for the Phippsburg Police Department and Officer John Doe 2 entered an appearance on January 27, 2020, *see* ECF No. 8, and counsel for the Bath Police Department filed an answer to the complaint on January 30, 2020, *see* ECF No. 9. However, Defendant Officer John Doe 1 has neither been served nor had counsel enter an appearance on his behalf.

On March 30, 2020, noting that more than 90 days had elapsed since the filing of the complaint and that service of process had yet to be accomplished on Defendant Officer John Doe 1, the court directed the plaintiff pursuant to Federal Rule of Civil Procedure 4(m) to show good cause in writing no later than May 13, 2020, why such service had not been timely made, failing which the complaint against Defendant Officer John Doe 1 would be dismissed. *See* Order to Show Cause.

## III. Discussion

The plaintiff's failure, to date, to show cause in writing why her complaint against Defendant Officer John Doe 1 should not be dismissed warrants its dismissal. In accordance with

Federal Rule of Civil Procedure 4(m), which provides for dismissal without prejudice, and the general rule that dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct, *see, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011), I recommend that her complaint against Defendant Officer John Doe 1 be **DISMISSED** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge