UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA ATER, individually and on behalf of minor child, A.A., <br><br> Plaintiff <br><br> v. <br><br> CITY OF BATH, et al., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 2:19-cv-00568-JDL |

### SUPPLEMENTAL RECOMMENDED DECISION ON ORDER TO SHOW CAUSE

On June 30, 2020, I recommended that this court dismiss the plaintiff's complaint as to defendant officer John Doe 1 for failure to effectuate timely service upon him. *See* Recommended Dismissal of Complaint as to Defendant Officer John Doe 1 ("Recommended Decision") (ECF No. 33). On July 20, 2020, the plaintiff filed both an unopposed motion to amend her complaint, *see* Plaintiffs' Motion to Amend Complaint ("Motion to Amend") (ECF No. 34), and her amended complaint, *see* Amended Complaint & Demand for Jury Trial ("Amended Complaint") (ECF No. 35). Because the Amended Complaint supersedes the original complaint and no longer names John Doe 1 as a defendant, I recommend that the court deem my Recommended Decision moot.

### I. Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading either once as a matter of course or, "[i]n all other cases, . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer,

1

*Federal Practice and Procedure* § 1476 (3d ed. Supp. Apr. 2020) (footnote omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case[.]" *Id*. (footnote omitted).[1]

Whereas the original complaint named as defendants the Bath Police Department, the Phippsburg Police Department, and Officers John Doe 1 & 2 (names unknown), Officers in the Bath and Phippsburg Police Departments, in addition to Maine Pretrial Services and Corey Ater, *see* Complaint & Demand for Jury Trial ("Original Complaint") (ECF No. 1) at 1-2, the Amended Complaint names as defendants the City of Bath, the Town of Phippsburg, John Skroski, individually and in his official capacity as police chief in the Town of Phippsburg, and Ted Raedel, individually and in his official capacity as a police officer in the City of Bath, in addition to Maine Pretrial Services and Corey Ater, *see* Amended Complaint at 1-2. The plaintiff having dropped defendant officer John Doe 1 from his complaint, the court has no need to act on my recommended decision to dismiss him.[2]

## II. Conclusion

For the foregoing reasons, I recommend that the court **DEEM** the Recommended Decision **MOOT**.

---

[1] Going forward, the plaintiff is reminded that if she files an unopposed motion to amend her complaint without supplying consent in writing from the defendants, she should only append the amended pleading to her motion and wait until the court grants her motion before filing her amended complaint on the docket. The plaintiff is also reminded that the court has set a service of process deadline of October 19, 2020, for her Amended Complaint. *See* ECF No. 35.

[2] The changes in the Amended Complaint largely reflect the change in named defendants. *Compare generally* Original Complaint *with* Amended Complaint. Whereas the plaintiff originally brought Counts VIII (negligence) and IX (due process) against both Officers Doe 1 & 2, she now brings Counts VIII (negligence) and IX (due process) against Chief Skroski and Counts X (negligence) and XI (due process) against Officer Raedel. *Compare* Original Complaint ¶¶ 61-72 *with* Amended Complaint ¶¶ 62-87. Some factual detail also has been added. For example, whereas the plaintiff had alleged that the police defendants and Maine Pretrial Services were aware that there was probable cause to arrest Defendant Ater for violating his bail conditions, *see* Original Complaint ¶ 10, she now alleges that they also were aware that there was probable cause to arrest him for new criminal acts, *see* Amended Complaint ¶ 11, and she has added an allegation that, upon information and belief, Chief Skroski and Officer Raedel may have informed either Defendant Ater or a member of his family of his likely pending arrest, *compare* Original Complaint ¶¶ 69-72 *with* Amended Complaint ¶¶ 70-74, 83-87.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of July, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge